United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLOS TRINIDAD AGUILAR BERNAL,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX, *et al*.,

Respondents.

Case No. 1:26-cv-04708-NW

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 9

This matter is before the Court on Petitioner Carlos Trinidad Aguilar Bernal's Amended Petition for Writ of Habeas Corpus, in which he argues that his prolonged detention under 8 U.S.C. § 1226(c)(1)(B) without a bond hearing violates his Fifth Amendment right to due process. *See* ECF No. 9 ¶¶ 32–51. For the reasons that follow, the Amended Petition is GRANTED, and Respondents are ordered to provide Petitioner with a bond hearing within fourteen days.

## I. BACKGROUND

Petitioner is a lawful permanent resident who was admitted to the United States on or about May 3, 1980 when he was adopted as a young child. *See* ECF No. 12-1 at 3; ECF No. 9 ¶ 18. Since his adoption, he has lived in the United States continuously, has four children—all of whom are United States citizens—and lived in California prior to his recent detention. ECF No. 9 ¶¶ 20–23. Given that Petitioner was adopted and granted lawful permanent resident status when he was a baby, until the start of his removal proceedings in early 2026, he believed he was a citizen of the United States, rather than a lawful permanent resident. *See id*. ¶¶ 18–19.

In 2024, Petitioner was convicted of Cal. Penal Code § 273.5 (infliction of corporal injury on a spouse) and sentenced to two years in prison. *Id*. ¶ 23; ECF No. 12-3 at 4. He was released

from state custody on or around February 26, 2026 and immediately detained by U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF No. 9 ¶ 26; ECF No. 12-1 at 2–3. That same day, he was served with a Notice to Appear, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having "been convicted of an aggravated felony as defined in [8 U.S.C. § 1101(a)(43)(F)] … for which a term of imprisonment ordered is at least one year." ECF No. 12-1 at 5. While in detention, Petitioner has attended at least one immigration hearing, has had multiple hearings rescheduled, and filed an application for cancellation of removal. ECF No. 12-4 at 6, 14–19. Petitioner's application for relief was denied on July 21, 2026. *Id*. at 1. As of the date of this order, it appears there is no order of removal in place and Petitioner's next immigration court hearing is set for October 7, 2026.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that his mandatory detention under § 1226(c)(1)(B) without a bond hearing has become unconstitutionally prolonged. ECF No. 9 ¶¶ 32–51. Though the Amended Petition does not challenge the applicability of § 1226(c)(1)(B), he challenges its application in reply, arguing that Petitioner's detention is properly controlled by 8 U.S.C. § 1226(a), which allows for discretionary release on bond or conditional parole. *See* ECF No. 14 at 3–9.

United States District Court
Eastern District of California

Respondents contend that the Amended Petition should be denied for two reasons. First, referring to Petitioner's criminal conviction, Respondents argue that he is subject to mandatory detention under § 1226(c)(1)(B), as he is deportable for being convicted of a crime of violence with a criminal sentence of more than one year. ECF No. 12 at 2–3. Second, they argue that Petitioner's detention has not become unconstitutionally prolonged under the *Mathews v. Eldridge* framework. *Id*. at 3–4.

**a. Applicability of 8 U.S.C. § 1226(c)(1)(B)**

Section 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for a noncitizen "who falls into one of several enumerated categories involving criminal offenses." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original). Relevant here, Petitioner was charged as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony as defined under 8 U.S.C. § 1101(a)(43)(F): "a crime of violence (as defined in section 16 of title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(F); *see* ECF No. 12-1 at 5. As an individual charged as removable under § 1227(a)(2)(A)(iii), he is subject to detention under § 1226(c)(1)(B). *See* 8 U.S.C. § 1226(c)(1)(B) ("The Attorney General shall take into custody any alien who … is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), ***(A)(iii)***, (B), (C), or (D) of this title.") (emphasis added).

In his reply, Petitioner argues that his charge of removability, and therefore the application of § 1226(c)(1)(B), is wrong in light of recent Ninth Circuit authority holding that "convictions under Cal. Penal Code § 273.5 do not categorically qualify as crimes of violence" in the context of criminal sentencing, *United States v. Lopez*, 183 F.4th 1110, 1113–14 (9th Cir. 2026); *see* ECF No. 14 at 3–9. But, whether Petitioner is removable under § 1227(a)(2)(A)(iii), and subject to detention under § 1226(c)(1)(B), is ultimately for the Immigration Court to decide in a *Joseph* hearing in the first instance. At a *Joseph* hearing, Petitioner "may avoid mandatory detention by demonstrating that he is not [a noncitizen], was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory

detention." *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The *Joseph* hearing process enables Petitioner to challenge his mandatory detention under § 1226(c)(1)(B), and the Immigration Court has the expertise necessary to develop the record and reach a proper decision—a step which appears necessary here, as Petitioner argues at length in reply that he is not subject to detention under § 1226(c)(1)(B). *See Rakeshkumar H.P. v. Warden, California City Corr. Ctr.*, No. 1:26-CV-02869-MWJS, 2026 WL 1146201, at *1 (E.D. Cal. Apr. 28, 2026) ("while Petitioner contends that his classification under § 1226(c)(1)(A) is incorrect, a challenge of that nature must be raised, at least in the first instance, with immigration authorities rather than with a court").

**A. Due Process**

Even though § 1226(c)(1)(B) is applicable here, this does not end the due process inquiry. The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c), however, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly, numerous district courts have found that unreasonably long detention periods may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

To determine if Petitioner's due process rights have been violated by his nearly seven-month detention without a bond hearing, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second

examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner was initially detained in February 2026 and has remained in custody for over seven months without the opportunity to contest the necessity of his continued detention. Prior to his detention, he had lived at liberty in the United States for decades as a lawful permanent resident. As Petitioner has been deprived of the liberty secured by the Due Process Clause, and this deprivation may continue for a protracted and indefinite period as his removal proceedings are still ongoing, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court next determines whether Petitioner is entitled to further process under the Constitution. Courts throughout the Ninth Circuit have employed a variety of different balancing tests when addressing this question. As both parties here rely on the *Mathews v. Eldridge* test in their briefing, the Court will do the same here. ECF No. 12 at 3–4; ECF No. 14 at 8–9; *see also*, *Diep v. Wofford*, No. 1:24-CV-01238-SKO (HC), 2025 WL 604744, at *4 (E.D. Cal. Feb. 25, 2025) ("Most district courts in the Ninth Circuit have employed the *Mathews* test in the context of evaluating whether due process entitles a petitioner to a bond hearing.").

Under the *Mathews* test, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335. These factors weigh in favor of Petitioner.

The first factor—Petitioner's private interest that will be affected—weighs in Petitioner's

favor as he has now been detained for over seven months without a bond hearing, and his removal proceedings still appear to be in early stages. The Ninth Circuit has held that "in evaluating the first prong of the *Mathews* analysis, we cannot simply count his months of detention[,]" but "must also consider the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order." 53 F.4th at 1208. Here, Petitioner has not received the benefit of a bond hearing and no removal order has even been entered as Petitioner is still waiting to receive his merits hearing. The Ninth Circuit has noted that detentions longer than six months were considered "prolonged" in cases such as this where "no individualized bond hearings had taken place at all." *Id*. at 1207. Thus, Petitioner's private interest in being free from prolonged detention of approximately seven months weighs in his favor.

As to the second factor, "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," weighs in favor of Petitioner as well. *Mathews*, 424 U.S. at 335. The "risk of an erroneous deprivation of [a petitioner's] interest is high" where "[h]e has not received any bond or custody redetermination hearing[,]" as is the case here. *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Given that Petitioner has been held without a bond hearing for over seven months, and it is not clear when detention will end given that there has been no merits ruling on his removal, the risk of erroneous deprivation weighs in favor of granting a bond hearing.

The final factor, in which the Court must weigh the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail[,]" weighs in Petitioner's favor. *Mathews*, 424 U.S. at 335. Though the Government has a strong interest in ensuring a convicted individual's presence in their removal proceedings, the key Government interest at stake here "is not the continued detention of Petitioner, but the Government's ability to detain him without a bond hearing." *Zagal-Alcaraz* v. ICE Field Office Director, 2020 WL 1862254, at *7 (D. Or. 2020) (collecting cases). Here, the Government has not made any argument that providing a bond hearing would impose an

unreasonable burden. Given "the minimal cost of conducting a bond hearing, and the ability of the IJ to adjudicate the ultimate legal issue as to whether Petitioner's continued detention is justified," courts in similar circumstances have concluded that "the government's interest is not as weighty as Petitioner's." *Zagal-Alcaraz*, 2020 WL 1862254, *7 (quoting *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019)). Although the Government has a strong interest, it is outweighed by Petitioner's.

In sum, the *Mathews* factors weigh in Petitioner's favor and outweigh the Government's interest in further detention without inquiry into whether he represents a flight risk or danger to the community. The Court thus finds that Petitioner's prolonged detention without a bond hearing before an IJ violates his Fifth Amendment due process rights.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Amended Petition for Writ of Habeas Corpus is GRANTED. The Government is ORDERED to provide Petitioner with a bond hearing before an immigration judge at which the Government must justify Petitioner's continued detention by clear and convincing evidence. The Government must provide Petitioner with this bond hearing within fourteen (14) days of this Order, unless a continuance is requested by Petitioner. Petitioner shall be allowed to have counsel present.

**IT IS SO ORDERED.**

Dated: October 2, 2026

Noël Wise
United States District Judge